Edward R. Hammock Chairman Division of Parole
This is in response to your October 16, 1978 request for an opinion concerning the application of Chapter 466 of the Laws of 1978. In your request, you stated as follows:
 "It is the opinion of Counsel to the Division that new Section 17(3) (a) of the Public Officers Law now provides for indemnification of an employee for any judgment or settlement obtained pursuant to 42 U.S.C. § 1981 and/or 1983, except that indemnification shall not lie to the extent that punitive or exemplary damages are awarded (refer to section 17(3) (c) of the Public Officers Law)."
Section 17(3) (a) of the Public Officers Law reads as follows:
 "3. (a) The state shall indemnify and save harmelss its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim, provided that the act or omission from which such judgment or settlement arose, occurred while the employee was acting within the scope of his public employment or duties; the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." (Emphasis supplied).
It is clear from the foregoing italicized extract of new Section 17 (3) (a) that indemnification sought from judgments or settlements in actions brought in the federal courts under the provisions of42 U.S.C. § 1981
or 42 U.S.C. § 1983 will depend upon a case by case review and determination as to whether or not the officer or employee in question "was acting within the scope of his public employment or duties" and whether or not such officer or employee caused injury or damage by his or her "intentional wrongdoing or recklessness."
It is, therefore, my opinion that questions of indemnification under the Public Officers Law, Section 17(3) (a), must be based upon a case by case review of the facts and circumstances and are limited by the qualifying language of said statute.